**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**TIPHANEY MARCHETTA, ET AL**                                                      **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 1:12cv315-LG-JMR**

**BURKS OUTLET STORE OF PICAYUNE, MS**                              **DEFENDANT**

**REPORT AND RECOMMENDATION**

This matter comes before the Court, *sua sponte*, regarding failure of the Plaintiffs to serve process on the Defendant, Burks Outlet Store of Picayune, Ms.("hereafter "Burks") and to otherwise comply with the Court's Orders of June 4,2013 (ECF No.6) and March 20, 2014. (ECF No. 7).

Upon further consideration of the complaint and the records in this action, Plaintiffs filed their initial complaint in this matter on October 15, 2012 seeking damages. (ECF No. 1). On June 4,2013, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ( ECF No.2) and advised Plaintiffs that it was their responsibility to prosecute this case and that the case could not proceed until the Defendant had been served with a summons and a copy of the complaint.(ECF No.5) Plaintiffs were further advised :

> that pursuant to Rule 4(a), L.U.Civ.R., it is their responsibility to prepare the summons to be served on the defendant and to present it to the clerk of court for issuance. Each summons should include the street address of the defendant. Plaintiffs are referred to Rule 4(b), L.U.Civ.R., and the provisions of Rule 4, Fed. R. Civ. P., for information regarding service of the summons and complaint.

The Court 's June 4,2013 Order was returned on July 17,2013 as undeliverable. ( ECF No.6)  On March 20, 2014, the Court ordered the Plaintiffs to show cause in writing on or prior to April 15, 2014 as to why the action should not be dismissed for their failure to prosecute and further warned that if they did not comply with the Court's Order that this case may be dismissed

without further notice. (ECF No. 7, pp. 2-3). The Court's March 20,2014 Order was sent by certified mail and returned as undeliverable on March 31,2014 (ECF No. 8) .

Thus, nearly a year and a half after this case was filed and five months since the court issued its directive to serve Burks or face possible dismissal of this case, Plaintiffs have not served process on Burks and have not demonstrated good cause to justify further delay. Plaintiffs have failed to communicate further with the Court, either to inquire as to the status of their case or to attempt to comply with the Court's order to show cause Accordingly, the undersigned recommends that this matter be dismissed without prejudice..

Rule 4 of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant...." Fed. R. Civ P.4 (m).[1] As Plaintiffs have failed to serve process in compliance with the rule after notice by the court that such failure may result in a dismissal, dismissal without prejudice is appropriate under Federal Rule of Civil Procedure 4(m).

Additionally, pursuant to Federal Rule of Civil Procedure 41(b),[2] a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 630 (1962);*Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious

---

[1] The rule also permits the court to extend the time period on a showing of good cause for failure to serve process in a timely manner.  Plaintiffs have made no such showing.

[2] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

disposition of cases." *Link v. Wabash,* 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)(discussing trial court's rule 41(b) discretionary authority).

Based on the foregoing, it is the opinion of this Court that the Plaintiffs have failed in their obligation to respond in accordance with the Court's Orders and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Therefore, this Court recommends that this cause be dismissed without prejudice for the Plaintiffs' failure to prosecute and failure to comply with Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure.

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs.Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).Clerk of Court is ordered to send a copy of this Report and Recommendation to the Plaintiffs' last known address by certified mail and file the return receipt.

THIS the 9th day of July, 2014

                                        *s/ John M. Roper, Sr.*
                                CHIEF UNITED STATES MAGISTRATE JUDGE